IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SMITH & HAWKEN, LTD.,

    Plaintiff,

v.

GARDENDANCE, INC., et al.,

    Defendants.

No. C 04-1664 SBA

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Having read and considered the arguments presented by the parties in their papers, the Court finds this matter appropriate for disposition without a hearing. The Court HEREBY GRANTS Plaintiff's Motion.

## **BACKGROUND**

Smith & Hawken, Ltd. ("Plaintiff") sells home and garden products nationwide. First Amended Complaint ("FAC") at ¶ 8. Among its many products, Plaintiff sells an outdoor copper torch, product number 759704. *Id.* at ¶ 9; *see also* Declaration of Laura Franco ("Franco Decl.") at Ex. G.

Gardendance, Inc. and Mark Donley ("Defendants") also sell outdoor torches. Counterclaim at ¶ 3. On March 3, 1999, Defendants were granted a certificate of registration by the United States Copyright Office for two of their torch designs. *See* Franco Decl. at Ex. D. One of the two torches is an unadorned copper torch ("Contemporary Torch") which Plaintiff's torch resembles. *See* Franco Decl. at Ex. F; Franco Reply Decl. at Ex. A. Only the copyright for the Contemporary Torch is at issue in this action. Motion for Summary Judgment ("Motion") at 1.

On January 15, 2004, Defendants sent Plaintiff a "cease and desist" letter offering settlement, but threatening legal action. FAC at ¶ 10. On April 28, 2004, Plaintiff filed a complaint for declaratory relief. On May 11, 2004, Plaintiff filed the FAC. Plaintiff seeks a declaration of invalidity of Defendants' copyright in the Contemporary Torch and a declaration that Plaintiff does not infringe. On June 25, 2004,

1 Defendants answered and asserted six counterclaims, five of which this Court dismissed with prejudice on
2 February 8, 2005.  Plaintiff now moves for summary judgment on their claims for declaratory relief and the
3 remaining counterclaim, arguing that Defendants' copyright is invalid and that Plaintiff has not infringed any
4 copyright-protected elements of Defendants' torch.  In Opposition, Defendants assert that the
5 Contemporary Torch is copyrightable as a sculpture and that there is a dispute of material fact as to
6 whether Plaintiff has infringed their copyright.

## LEGAL STANDARD

Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth . . . specific facts showing that there is a genuine issue for trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Actions arising under the Copyright Act must adhere to the same summary judgment standard as any other civil action.  *Shaw v. Lindheim*, 919 F.2d 1353, 1358-59 (9th Cir. 1990).  Accordingly, copyright claims can be resolved on summary judgment when there is no dispute of material fact.  *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir.), *cert denied*, 506 U.S. 869 (1992); *Narrell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989).  In particular, "[c]opyrightability is often resolved on summary judgment . . . because very often no issues of material fact are in dispute and the only task for the court is to analyze the allegedly copyrightable item in light of applicable copyright law."  *Sem-Torq, Inc. v. K Mart Corp.*, 936 F.2d 851, 853 (6th Cir. 1991) (internal citations omitted).

## DISCUSSION

To establish copyright infringement, the copyright holder must show: (1) ownership of the valid copyright, and (2) infringement of the copyright.  *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345

F.3d 1140, 1143-44 (9th Cir. 2003).

**I.    Copyright Validity**

    **A.    The Certificate of Registration**

        **1.    Legal Standard**

A certificate of registration made within five years after the work's first publication constitutes *prima facie* evidence of copyright validity. 17 U.S.C. § 410(c). A certificate of copyright registration, therefore, shifts to Plaintiff the burden to prove the invalidity of Defendants' copyright. *Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1217 (9th Cir. 1997) (internal quotation omitted). To rebut the presumption, Plaintiff "must simply offer some evidence or proof to dispute or deny" Defendants' *prima facie* case of infringement. *Id*. If it does so, the burden of proof shifts back to Defendants to demonstrate possession of a valid copyright. *Id*. at 1218.

        **2.    Analysis**

In the instant case, Plaintiff does not dispute that the work was initially published on January 1, 1999, and that it received a Certificate of Registration on March 3, 1999, well within five years of the publication date. Motion at 2. Accordingly, there is *prima facie* evidence that Defendants' copyright is valid. To rebut this presumption, Plaintiff has supplied pictures of the Contemporary Torch, Plaintiff's torch, and similar third-party torches, as well as Defendants' own descriptions of the utility of the torch's features to suggest that the Contemporary Torch is strictly functional and therefore not copyrightable as a matter of law.

    **B.    Copyrightability of a Sculpture**

        **1.    Legal Standard**

Pictorial, graphic and sculptural works can receive copyright protection. 17 U.S.C. § 102(a)(5). However, such copyright does not fully extend to works that are "useful articles." 17 U.S.C. § 101. Only sculptural elements that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article receive copyright protection. *Id.* Copyright does not extend to an element of an article if it has any intrinsic utilitarian function. *Fabrica, Inc. v. El Dorado Corp.*, 697 F.2d 890, 893 (9th Cir. 1983). Only the separable ornamental aspects of a work receive copyright protection, and

1 the protection extends only to that aspect (e.g., a carving on the back of a chair may receive a copyright,
2 but the chair does not). *Id.*; *see also,* H.R. Rep. No. 94-1476, at 54-55 (1976).

3       The useful article doctrine serves the important policy of keeping patent and copyright separate by
4 preventing parties from using copyright to obtain a "backdoor patent" on a functional article that cannot be
5 patented. *See* 17 U.S.C. § 102(b). Allowing inventors to recast these inventions as "pictorial, graphic, or
6 sculptural works" allows them to obtain or retain a monopoly where they do not deserve one. *See Herbert*
7 *Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738, 741 (9th Cir. 1971).

8       For example, a carpet display folder with a unique fold-out format to show off full-page carpet
9 samples as a marketing tool is a useful article whose artistic elements cannot be separated from its
10 functionality. *Fabrica,* 697 F.2d at 893-94. An undulating "ribbon" bicycle rack cannot receive copyright
11 protection because its minimalist structure cannot be separated from its function of efficiently storing
12 bicycles. *Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.*, 834 F.2d 1142, 1147-48 (2d. Cir. 1987).
13 Elliptical floodlights also do not receive copyright protection. *Esquire, Inc. v. Ringer*, 591 F.2d 796, 798-
14 99 (D.C. Cir. 1978).

15       On the other hand, a table lamp with a statuette base does receive copyright protection for the
16 statuette, but not for the entire lamp. *Mazer v. Stein*, 347 U.S. 201 (1954). Similarly, the fanciful plush
17 sculpture of a bear paw that makes up a novelty slipper is copyrightable. *Animal Fair, Inc. v. AMFESCO*
18 *Indus., Inc.*, 620 F. Supp. 175 (D.Minn 1985), *aff'd* without opinion, 794 F.2d 678 (8th Cir. 1986). An
19 ornamental belt buckle can also receive copyright protection for its separable artistic elements.
20 *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989 (2d Cir. 1980).

21       **2.**      **Analysis**

22       Defendants ask that the Court "consider the torches as sculptures." Opposition at 9. However,
23 they do not explain what elements make their Contemporary Torch a sculptural work of art eligible for
24 copyright. Defendants merely assert, in conclusory fashion, that the torches are not "ordinary torches," but
25 instead merit copyright protection because they are "sculpted, design cast in copper and are decorative in
26 nature and used for ornamentation." *Id.*

27       As a preliminary matter, that Defendants' torch is cast in copper does not make it copyrightable
28

*United States District Court*
*For the Northern District of California*

because copper has an intrinsically utilitarian function: namely, its durability. Indeed, Defendants' advertisements proclaim that "the torch assembly is 100% copper . . . there is no wood to rot, no steel to rust. . . . The copper assembly carries a lifetime limited warranty." Franco Reply Decl. at Ex. A. Because of its utilitarian function, the fact that the Contemporary Torch is made of copper does not make it copyrightable. *See Fabrica,* 697 F.2d at 893. Moreover, a copyright cannot exist in a specific medium. *See Satava v. Lowry*, 323 F.3d 805, 810-12 (9th Cir. 2003) (denying copyright protection for use of the "glass-in-glass" sculptural medium).

Furthermore, there are no other elements of the Contemporary Torch that suggest any separable artistic elements. Defendants' torch consists of a tall barrel, a cylindrical canister with a tapered bottom, an inverted funnel-shaped cap to the cylinder, and a small piece to hold the torch's wick. *See* Franco Decl. at Ex. F. The copper barrel is simply a rod that holds the torch aloft. *See id.* at Ex. F-6. The cylindrical canister serves as a reservoir for the torch's fuel. *See* Motion at 9; *Id.* at Ex. F. The tapered bottom of the cylinder allows the cylinder to attach onto the support rod. Franco Decl. at Ex. F-1, 4, & 6. The inverted funnel cap serves as a cover for the fuel cylinder. *See* Motion at 9; *id.* at Ex. F-7. The last metal piece secures the wick. *See* Motion at 9; Franco Decl. at Ex. F-7. Together, these last two pieces allow for easy refilling of the fuel chamber without handling the greasy wick. *See* Franco Reply Decl. at Ex. A. None of the pieces appear to have any engravings or designs at all. Moreover, even if the pieces had artistic elements, they are inseparable from the utilitarian functions they serve. Indeed, while Defendants argue in conclusory fashion that the Contemporary Torches are "primarily ornamental," they fail to identify a single aspect of the Torches that are ornamental or non-utilitarian. Opposition at 10. Because copyright does not extend to any element that has an intrinsic utilitarian function, these sculptural elements cannot be the basis for a valid copyright. *Fabrica,* 697 F.2d at 893.

Defendants rely on two cases, *Mazer* and *Kieselstein-Cord*, for the proposition that functional sculptural works can receive copyright protection and that their torch should as well. *Mazer* extended copyright protection to the physically separable artistic elements contained in a functional setting, namely, to the statuette at the base of a lamp. 347 U.S. at 214. However, the holding did not extend copyright to the non-artistic, functional elements of the lamp.

In *Kieselstein-Cord*, a designer created a series of exceptionally detailed and well-crafted belt buckles. 632 F. 2d at 990-91. The artistic portion of the belt buckle also acted as the buckling mechanism. *Id.* While one could not physically separate the art from the functionality, the court held that the buckles did possess conceptually separable artistic elements. *Id.* at 993. The court reached this conclusion in part because many people had begun wearing the buckles as regular jewelry without a belt. *Id.* The buckles had also joined the permanent collection of the Metropolitan Museum of Art. *Id.* at 991. Because the court identified conceptually separable artistic elements in the belt buckles, the court held that the defendant's copies infringed on Kieselstein-Cord's designs. *Id.* at 991-94.

As a preliminary matter, Defendants do not assert what elements of their torch are either physically separable (like the statuette in *Mazer*) or conceptually separable (like the buckles in *Kieselstein-Cord*). Instead, as stated *supra*, Defendants merely assert, without any explanation, that the torches are "sculptures," "primarily ornamentation," and "conceptually separable." Opposition at 9-10. They have presented no evidence or argument that the torch possesses any separable artistic elements. Unlike in *Kieselstein-Cord*, Defendants have submitted no evidence that anyone uses or perceives the torch as anything but a torch. Based on the evidence in the record, the torch appears to be a plain and wholly functional device. Accordingly, the Court finds that the Contemporary Torch does not possess any separable and copyrightable artistic elements.

### C. Compilation Copyrightability

#### 1. Legal Standard

Copyright can also extend to compilations of pre-existing materials that would otherwise not meet the originality requirement. 17 U.S.C. § 101. A compilation of unoriginal elements must involve numerous elements and be original enough to receive copyright protection. *Lamps Plus*, 345 F.3d at 1146-47 (combination of five pre-existing lamp parts not numerous enough to receive protection as a compilation); *Satava*, 323 F.3d at 811 (combination of six unprotectable elements did not rise to the level of originality sufficient to merit copyright protection); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 356-58 (1991) (compiling phone numbers in alphabetical order is not original enough to receive protection).

#### 2. Analysis

6

While a sufficiently original combination of numerous non-original elements can merit copyright protection for the whole, Defendants' Contemporary Torch does not meet this standard. Plaintiff asserts, and Defendants do not dispute, that the Contemporary Torch has six elements: the fuel canister, the upper funnel on the canister holding the wick, the lower funnel on the canister attaching to the rod, the metal piece holding the wick, the pole, and the copper construction. *See* Motion at 15. As discussed *supra*, each of these elements is strictly functional. Moreover, there is nothing in the record suggesting that the combination of these elements is original. Rather, the exhibits Plaintiff provides of garden torches made by other companies suggests that Defendants' arrangement of the six elements is not original enough to merit copyright protection. Franco Decl. at Exh. I. Each of the 18 third-party garden torches Plaintiff references feature a wick, a bulky fuel cylinder at the top, and a long support rod. *Id.* While some feature slightly different fuel cylinder shapes or include a cap for the wick, two of the torches appear nearly identical to the Contemporary Torch. *Id.* at Exh. I; I-4, I-21. Defendants provide no argument at all suggesting that their "compilation" is original – indeed, they do not even address Plaintiff's assertion that it is not. Accordingly, the Court finds that the Contemporary Torch is not a compilation sufficient to merit copyright protection.

Because Plaintiff has rebutted the presumption of validity, and because Defendants have failed to demonstrate that the Contemporary Torch is copyrightable, they cannot establish the first element of an action for copyright infringement. Therefore, the Court GRANTS Plaintiff's Motion.

**II.    Request for Further Discovery**

**A.    Legal Standard**

Under Fed. R. Civ. P. 56(f), the court should continue a motion for summary judgment if the opposing party makes a good faith showing by affidavit that the continuance is necessary to obtain facts essential to the motion. *California ex rel California Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Parties seeking a continuance must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion. *Id.* Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment. *Id.* (citing *Brae Transp. Inc., v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.

7

1986)).

### B.   Analysis

Defendants' opposition asserts that "Defendants are entitled to discovery before their case is cut short." Opp. at 11. Defendants do not support this request with an affidavit, do not set forth the specific facts they hope to elicit, do not suggest that such facts actually exist, and fail to demonstrate that any such sought-after facts are essential to resist summary judgment. Moreover, additional discovery is unnecessary because the Contemporary Torch cannot be copyrighted as a matter of law and therefore cannot be infringed. Accordingly, to the extent Defendants intended to seek a Rule 56(f) continuance, such request is DENIED.

### **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED. IT IS HEREBY ORDERED THAT the Contemporary Torch, purportedly protected by Copyright Certificate of Registration No. VA-967-403, is not copyrightable as a matter of law, and therefore cannot be infringed by Plaintiff's garden torch, Product No. 759704.

IT IS SO ORDERED.

Dated: 7-27-05

SAUNDRA BROWN ARMSTRONG
United States District Judge