UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMITH & HAWKEN, LTD., a Delaware Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>GARDENDANCE, INC., a North Carolina Corporation, and MARK DONLEY, an individual,<br><br>        Defendants. | No. C 04-1664 SBA<br><br>**ORDER**<br><br>[Docket No. 78] |

On July 28, 2005 this Court issued an order granting Plaintiff's motion for summary judgment [docket no. 76.] On July 29, 2005, final judgment was entered in favor of Plaintiff [docket no. 77]. On August 8, 2005 Defendants filed a Motion for Reconsideration of this Court's Order of July 28, 2005, granting Plaintiff's motion for summary judgment [docket no. 78.]

**BACKGROUND**

Smith & Hawken, Ltd. ("Plaintiff") sells home and garden products nationwide. Among its many products, Plaintiff sells an outdoor copper torch, product number 759704.

Gardendance, Inc. and Mark Donley ("Defendants") also sell outdoor torches. On March 3, 1999, Defendants were granted a certificate of registration by the United States Copyright Office for two of their torch designs. One of the two torches is an unadorned copper torch ("Contemporary Torch"). Only the copyright for this torch was at issue in this action.

On January 15, 2004, Defendants sent Plaintiff a "cease and desist" letter offering settlement, but threatening legal action. On April 28, 2004, Plaintiff filed a complaint for declaratory relief. On May 11, 2004, Plaintiff filed a First Amended Complaint in which Plaintiff sought declarations of invalidity of Defendants' copyright in the Contemporary Torch and of non-infringement. On June

25, 2004, Defendants answered and asserted six counterclaims, five of which this Court dismissed with prejudice on February 8, 2005. Plaintiff then moved for summary judgment on its claims for declaratory relief and the remaining counterclaim, arguing that Defendants' copyright is invalid and that Plaintiff has not infringed any copyright-protected elements of Defendants' torch. This Court granted Plaintiff's motion for summary judgment by Order entered July 28, 2005. Defendants filed the instant motion for reconsideration on August 8, 2005.

## LEGAL STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1, Mult-Nomah County, Oregon v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993). Reconsideration under Rule 59(e) is appropriate if the district court (1) is presented with newly- discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Id.* There may also be other, highly unusual circumstances warranting reconsideration. *Id.*

Rule 60(b) allows a court to set aside a judgment only upon a showing of:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Whether to grant or deny a motion for reconsideration lies within the discretion of the court. *See McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir. 1987). In order to succeed on a motion for reconsideration, the movant "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Mateo v. M/S Kiso*, 805 F. Supp. 761, 786 ( N.D. Cal. 1991) (citations omitted). A motion for reconsideration "is not the proper vehicle for revisiting issues that were decided, . . . or for a recapitulation of the cases and arguments considered by the court before rendering its original decision, . . . ." *In re Worlds of Wonder Sec. Litig.*, 814 F. Supp. 850, 874

2

1  (N.D. Cal. 1993) (citations omitted), modified on other grounds, 35 F.3d 1407 (9th Cir. 1993).

## DISCUSSION

Motions under Rule 59 must be filed within ten days of the date the order was entered. Fed. R. Civ. P. 59(e). In computing the ten-day period, intermediate Saturdays, Sundays and legal holidays are excluded. Fed. R. Civ. P. 6(a). The Court's order granting summary judgment was filed and entered into the docket on July 28, 2005. Defendants filed their motion for reconsideration on August 8, 2005, which is within ten days of the entry of the order. Thus, Defendants' motion is timely under Rule 59.

Defendants' motion is also timely under Rule 60(b). Though a notice of appeal has been filed in this case,[1] this Court still has jurisdiction to resolve Defendants' motion for reconsideration. Typically, once a notice of appeal is filed, the district court loses jurisdiction over the matters being appealed. *Natural Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Under Federal Rule of Appellate Procedure 4(a)(4)(B)(I), such a notice of appeal does not become effective, however, and the district court does not lose jurisdiction, until the district court rules on all Rule 60(b) motions filed no later than ten days after judgment is entered. *Miller v. Marriott Int'l., Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002). Final judgment was entered in favor of Plaintiff on July 29, 2005. Defendants' filed the instant motion for reconsideration less than 10 days later.

Defendants' two-page motion fails to identify under which Rule of Civil Procedure it seeks to have this Court reconsider the July 28, 2005 order. While it was timely filed under Rule 59(e) and Rule 60(b), Defendants utterly fail to meet the requisite showing under either rule.[2]

Reconsideration under Rule 59(e) is appropriate if the district court (1) is presented with

---

[1] Defendants filed a notice of appeal of this Court's July 28, 2005 Order and Final Judgment on August 30, 2005.

[2] The Court observes that Civil Local Rule 7-9 is inapplicable to the instant motion. That Rule applies only to requests for reconsideration brought "[b]efore the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case . . . ." Civil L.R. 7-9(a). Here, final judgment was entered in favor of Plaintiff prior to filing of the motion for reconsideration. Consequently, to the extent Defendants' Motion for Leave to File a Motion for Reconsideration filed on September 8, 2005 [docket no. 93] is premised on Civil Local Rule 7-9, such motion is unnecessary and the Court hereby DENIES it as moot.

3

1 newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, 2 or (3) there is an intervening changed in controlling law or if there are other highly unusual 3 circumstances warranting reconsideration. *Sch. Dist. No. 1J, Multnomah County, Or.*, 5 F.3d at 4 1262. Defendants' motion fails to assert, either by way of fact or legal authority, any of these 5 grounds as a basis for reconsideration.

6 Similarly, Defendants fail to assert any of the grounds specifically enumerated in Rule 60(b) 7 subsections (1) through (5) upon which this Court could set aside a judgment. The only possible 8 basis for Defendants' motion under Rule 60(b) would be the catch-all provision at subsection (6), 9 "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). 10 Defendants assert that defense counsel brought with him the two torches at issue in this case for the 11 summary judgment hearing scheduled for July 26, 2005. "By failing to consider the actual torches 12 the court has deprived defendants of their right to a fair hearing and due process of law." Mot. at 2. 13 Defendants' contention is frivolous.

14 First, the Court notes pursuant to Civil L.R. 7-1(b) and as reiterated in this Court's Civil 15 Standing Order, the Court may, in its discretion, adjudicate motions without oral argument. Civil 16 L.R. 7-1(b). Thus, there is no requirement that the Court hold a hearing, particularly where, as here, 17 it had no questions of the parties, and neither party requested oral argument. Second, the torches 18 Defendants would have this Court consider are not newly discovered items of evidence that could 19 not have been previously presented to the Court; in point of fact, the Smith & Hawken torch and the 20 Contemporary Torch were the subjects of the litigation. Had Defendants wished the Court to 21 consider the actual torches before its disposition of the motion for summary judgment they could 22 have lodged such torches with the Court as exhibits. Third, Plaintiff submitted several photographs 23 of both Plaintiff's and Defendants' torches in support of its summary judgment motion, which was 24 adequate. *See* Declaration of Lauro Franco in Support of Smith & Hawken's Motion for Summary 25 Judgment, Exhs. F & G. Defendants provide no basis for their view that consideration of the *actual* 26 torches would justify relief from the Court's July 28, 2005 Order.

27 Defendants also assert the Court's July 28, 2005 Order gives a license to Plaintiff and 28 similarly situated importers "to copy the copyrighted works of American artists with impunity, so

4

long as the works are useful in any manner." Mot. at 2.  This is erroneous.  Rather, as the Court found, only sculptural elements that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article receive copyright protection.  17 U.S.C. § 101. Defendants failed to submit any evidence that their torch possessed any separable, artistic elements that would be subject to copyright protection.  Consequently, the Court found that "[b]ased on the evidence in the record, the torch appears to be a plain and wholly functional device."  July 28, 2005 at 6.  Furthermore, while a sufficiently original combination of numerous, non-original elements can merit copyright protection for the whole, Defendants failed to provide any argument that their "compilation is original, and in fact failed to even address Plaintiff's assertion that it is not."  *Id.* at 7. For these reasons, the Court granted Plaintiff's motion for summary judgment.  By this inaccurate and inappropriately skewed characterization of the Court's Order, Defendants improperly seek to revisit issues that they either ignored or inadequately addressed during the briefing and that have already been decided by this Court.

Defendants have failed to set forth any facts or law of a strongly convincing nature that would induce this Court to reverse its prior decision.  Consequently, IT IS HEREBY ORDERED THAT Defendants' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: 2/24/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

5